IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

JAMIE TERRELL SPRINGER,       )
                              )
           Plaintiff,         )
                              )
     v.                       )          CV 626-010
                              )
OFFICER GUILLERMO E. MARTINEZ, )
Vidalia Police Department, Toombs County, )
Georgia,                      )
                              )
           Defendant.         )

_____

**O R D E R**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 8.) The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff did not fulfill the requirement for proceeding *in forma pauperis* ("IFP") when he failed to return the Consent to Collection of Fees form and the requisite financial information covering the six-month time period prior to filing the complaint. (See doc. no. 5.) In his objections, Plaintiff states he gave all of his paperwork to a prison official who told him the papers had been returned to the Court, and he assumed there was nothing else to do because money had been taken from his prison account. (See doc. no. 8.)

The objections are unavailing for at least two reasons. First, the Consent to Collection of Fees form requires only Plaintiff's signature and no action from prison

officials. Thus, there would be no reason to give that form to a prison official. Second, the Court's recommendation for dismissal was entered on March 26, 2026, over one week prior to submission of money to the Court by prison officials and weeks past the original deadline for submitting the consent form and trust account information. (See doc. nos. 5, 7.[1]) Therefore, Plaintiff had been out of compliance with the IFP requirements for weeks before he claims to have been lulled into believing the paperwork had been submitted. Plaintiff should not expect to miss a deadline and then be excused from non-compliance by events occurring after the missed deadline. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court.").

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this ___8th___ day of May, 2026, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

[1]The Clerk of Court returned the money to prison officials because Plaintiff had not been ordered to pay a partial filing fee. (See doc. no. 7.) The Court **DIRECTS** the **CLERK** to enclose a copy of the letter issued by the Clerk with Plaintiff's service copy of this Order.

2